RECEIVED                    UNITED STATES DISTRICT COURT                        a
USDC, WESTERN DISTRICT OF L WESTERN DISTRICT OF LOUISIANA
TONY R. MOORE, CLERK              ALEXANDRIA DIVISION
       5 / 22 / 15
            YT

GARY WAYNE ANDERSON (#335142)     DOCKET NO. 15-CV-755; SEC. P

VERSUS                            JUDGE DRELL

CONCORDIA PARISH CORRECTIONAL     MAGISTRATE JUDGE KIRK
FACILITY, ET AL.

## REPORT AND RECOMMENDATION

Pro se Plaintiff Gary Wayne Anderson[1], proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on March 23, 2015.  Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Concordia Parish Correctional Facility in Ferriday, Louisiana. He named as defendants Chief of Security George Brynes, Chief of Security Sheila Spinner, Brandi Stevenson, and Jennifer Waddlington.  He complains that the defendants failed to protect him from injuries inflicted by other inmates.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleges that in February 2015, while he was a pretrial detainee, he was stabbed and seriously injured by "DOC

_____

[1]Plaintiff lists two other inmates as Plaintiffs on his complaint form.  However, according to Local Rule 3.2 of the Western District of Louisiana, **each pro se prisoner shall file a separate complaint** alleging a violation of their civil rights.

inmates." He claims that, because he was a pretrial detainee, he should not have been housed with convicted inmates.  He states that he had been misclassified as a DOC inmate by Defendant Brandi Stevenson. According to his amended complaint, Plaintiff had been classified as a D.O.C. inmate due to a possible parole violation or pending revocation hearing.  Plaintiff states that, ultimately, his criminal charges were dropped, and his parole was not revoked.[2]

Also in his amended complaint Plaintiff mentions for the first time that he was charged with a disciplinary violation as a result of the fight with the other inmate.  Plaintiff does not state whether he was convicted of the violation.

### Law and Analysis

### 1.    CPCF as defendant

To the extent that Plaintiff names CPCF as a defendant, his claim should be dismissed.  Fed.R.Civ.P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held."  Thus, Louisiana law governs whether detention centers are entities with the capacity to sue or be sued.  Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person."  A parish prison

---

[2] Contrary to Plaintiff's claim in this case that his parole was **not** revoked, and that he was a pretrial detainee when he was attacked, Plaintiff filed a separate habeas petition in this Court on February 19, 2015, stating that his parole **had** been revoked. 1:15-cv-00407 (W.D.La.)

facility is not a juridical person capable of being sued.  A jail is "not an entity, but a building." See <u>Jones v. St. Tammany Parish Jail</u>, 4 F.Supp.2d 606, 613 (E.D.La. 1998).

## 2.  Failure to Protect

The Eighth Amendment's prohibition against "cruel and unusual punishment" protects the rights of convicted prisoners; the rights of pre-trial detainees, such as the plaintiff, are protected by the "due process clause" of the Fourteenth Amendment. See <u>Hare v. City of Corinth</u>, 74 F.3d 633, 639 (5th Cir. 1996)(citations omitted). Allegations of "failure to protect" and inadequate medical care are evaluated under a "deliberate indifference" standard, whether alleged under the Fourteenth Amendment by pre-trial detainees, or under the Eighth Amendment by convicted prisoners. See <u>Hare</u>, 74 F.3d at 640-43.

Thus, a pre-trial detainee's right to be protected from violence is measured by the standard of "subjective deliberate indifference" as enunciated by the Supreme Court in <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). Under Farmer's "subjective deliberate indifference" standard, a prison official cannot liable for failing to protect an inmate unless the official "knows of and disregards an excessive risk to inmate health or safety."  In order to prevail on such claims, a civil rights plaintiff must allege and ultimately establish that the defendant officials: (1) were aware of facts from which the inference could be drawn that a substantial

risk of serious harm existed and (2) that they actually drew the inference. <u>Farmer</u>, 511 U.S. at 837. Negligent inaction can never support a failure to protect claim. <u>Farmer</u>, 511 U.S. at 835; <u>Hare</u>, 74 F.3d at 642.

The legal conclusion of deliberate indifference must rest on facts clearly evincing "wanton" actions on the part of defendants. <u>See</u> <u>Johnson v. Treen</u>, 759 F.2d 1236, 1237 (5th Cir. 1985). In <u>Smith v. Wade</u>, 461 U.S. 30, 39 n. 8 (1983), the Court approved the following definition of wanton – "'Wanton means reckless-without regard to the rights of others ... Wantonly means causelessly, without restraint, and in reckless disregard of the rights of others. Wantonness is defined as a licentious act of one man towards the person of another, without regard to his rights; it has also been defined as the conscious failure by one charged with a duty to exercise due care and diligence to prevent an injury after the discovery of the peril, or under circumstances where he is charged with a knowledge of such peril, and being conscious of the inevitable or probable results of such failure.' 30 American and English Encyclopedia of Law 2-4 (2d ed. 905) (footnotes omitted)."

The housing of convicted inmates with pretrial detainees is not per se unconstitutional. The Fifth Circuit's decision in <u>Jones v. Diamond</u>, 636 F.2d 1364 (5th Cir. 1981), specifically states that limitations on physical facilities might justify housing pretrial detainees with convicted inmates, that pretrial detainees have a

right to be considered individually only to the extent that security and space requirements permit and that imposition of greater security measures is warranted if an inmate has a long record of prior convictions or is likely to be violent. See Jones, 636 F.2d. at 1374. The allegations presented by Plaintiff do not indicate that his being housed with the inmates who attacked him was unconstitutional.  Moreover, although Plaintiff claims to have been a pretrial detainee at the time of the attack, he is a previously convicted prisoner, as well, and his parole was revoked by the DOC according to his other petition in this Court.  Either way, Plaintiff is not a newcomer to the criminal justice system. It is constitutionally permissible to house pretrial detainees who have extensive criminal histories with convicted prisoners rather than with pretrial detainees without criminal histories. See Arps v. Callahan, No. 93-1066, 1993 WL 13626754, at *3 (5th Cir. Aug. 2, 1994) ("[A] policy of classifying pretrial detainees with prior felony convictions with other convicted felons is reasonably related to the Jail's interest in maintaining jail security.")

Moreover, Plaintiff has not alleged deliberate indifference to his safety. He specifically claims that his attack resulted from a mis-classification. To the extent that is accurate, then it is evidence of possible negligence, but not deliberate indifference.

Likewise, Plaintiff has not alleged that he was incarcerated under conditions posing a substantial risk of serious harm and that

prison officials were deliberately indifferent to his need for protection. The simple fact that his current incarceration is for new criminal charges and/or a possible parole revocation, thus rendering him "pretrial," does not automatically create a substantial risk of serious harm. As noted above, Plaintiff is no newcomer to the DOC or the criminal justice system.

### *Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's claim be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim for which relief can be granted under 28 U.S.C. §1915(e)(2)(B) and 1915A.

### *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS,

CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN

FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR

AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM

ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS

ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _21st_ day

of May, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE